This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**KEVIN DARRELL FENNER,**

        Protestant/Taxpayer-Appellant,

v.                                                                                    **NO. 34,365**

**NEW MEXICO TAXATION & REVENUE DEPARTMENT,**

        Respondent-Appellee.

**IN THE MATTER OF THE PROTEST OF KEVIN DARRELL FENNER TO ASSESSMENTS ISSUED UNDER ID#S: l0330070480, L1614874064, L0421194192, L1672247760, L1263204816, L1583610320, and L1321327232.**

**APPEAL FROM THE ADMINISTRATIVE HEARING OF THE TAXATION & REVENUE DEPARTMENT OF THE STATE OF NEW MEXICO**
**Dee Dee Hoxie, Hearing Office**r

Kevin Fenner
Kamuela, HI

Pro Se Appellant

New Mexico Taxation & Revenue Legal Services Bureau
Cordelia Anna Friedman, Special Assistant Attorney General
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}    Appellant Kevin Fenner (Taxpayer) appeals in a self-represented capacity from the hearing officer's order affirming Appellee New Mexico Taxation and Revenue Department's (the Department) assessments of personal income taxes and penalties for unpaid past tax years based on the determination that Taxpayer was a New Mexico resident for those tax years and willfully evaded paying taxes. [RP 54] Our notice proposed to affirm, and Taxpayer filed a memorandum in opposition and motion to amend the docketing statement. We grant Taxpayer's motion to amend, but remain unpersuaded by Taxpayer's arguments. We therefore affirm. Taxpayer's "amended memorandum in opposition to proposed summary disposition" is denied, as our rules do not contemplate amendments to a memorandum in opposition.  Even if they did, however, the amended memorandum in opposition does not provide new information or otherwise persuade us that reversal is merited.

{2}    Taxpayer continues to argue: that he was not a legal New Mexico resident for the 2003, 2005, 2006, 2007, 2008, 2009, and 2010 tax years for purposes of tax liability [DS 11, 24; RP 68-74; MIO 5]; that he was wrongfully assessed penalties based on willful intent to evade or defeat taxes for most of the disputed tax years [DS

25, 28; RP 75-79; MIO 8]; that his assessments were improper because they were not made within three years of when the taxes were due [DS 27; RP 80; MIO 11]; that the assessments, penalties, and interest were inaccurate as related to his federal tax returns [DS 28; MIO 13]; that the Department waited too long to schedule a hearing after Taxpayer filed a protest [DS 31-32; RP 81; MIO 13]; and that the hearing officer made some improper evidentiary rulings relating to the admission of the Department's exhibits and admission of testimony. [DS 24; MIO 13]

{3} In response to our notice's extensive discussion and proposed affirmance for all of the foregoing issues, Taxpayer asserts generally that this Court misunderstood or overlooked relevant facts and/or law, and for his continued argument for each issue states the following:

> These [facts or laws] are detailed in A: Facts Overlooked or Misunderstood by Court of Appeals; "EXHIBIT A" to this Memorandum; the Protestant/Taxpayer-Appellant Exhibits to the Record Proper; and the initial Docketing Statement. In addition, the Amended Docketing Statement will present other laws relevant to this issue.

As provided by Taxpayer, the referenced Exhibit A [Ct.App.File, green clip] is a copy of his testimony that he provided to the Hearing Officer and read into the hearing record. [MIO 3-4] We have fully considered the information provided in Exhibit A when granting Taxpayer's motion to amend, but it does not persuade us that our proposed affirmance is incorrect. In doing so, we note that much of the same

4

information provided in Exhibit A was also referenced in Taxpayer's closing argument [RP 98-107], as well as set forth in the many exhibits introduced below, and is generally duplicative of information in the docketing statement. Any additional information does not persuade us that the hearing officer's assessments are improper. *See generally Kewanee Indus., Inc. v.* Reese, 1993-NMSC-006, ¶ 6, 114 N.M. 784, 845 P.2d 1238 ("If more than one inference can be drawn from the evidence[,] then the inference drawn by the hearing officer is conclusive."). Thus, for the reasons extensively detailed in our initial notice, we affirm.

{4}     **IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**TIMOTHY L. GARCIA, Judge**